NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2630
_____

JAMES A. GORDON,
                                        Appellant

v.

WILLIE MEANA CANADA; PATRICIA A. CONWAY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 18-cv-02651)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2019
Before:  MCKEE, COWEN and RENDELL, Circuit Judges

(Opinion filed: July 12, 2019)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Gordon appeals the District Court's order dismissing his complaint. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Gordon's claims are well known to the parties, set forth in the District Court's memorandum, and need not be discussed at length. Briefly, Gordon filed an action seeking to void his father's will and to revoke the appointment of his sister as the executor. The District Court dismissed the complaint before service for lack of jurisdiction pursuant to the Rooker-Feldman doctrine. The District Court dismissed Gordon's state law claims without prejudice to Gordon's right to pursue them in state court. The District Court also noted that Gordon had not established diversity jurisdiction and that, even if he had, his claims fell within the probate exception to diversity jurisdiction. Gordon filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's dismissal de novo. Suber v. Chrysler, 104 F.3d 578, 583 (3d Cir. 1997). We agree with the District Court that it lacked jurisdiction over Gordon's claims. The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Supreme Court has explained that this doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon

2

Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Here, Gordon complains of injuries caused by judgments of the state probate court rendered before the federal proceedings began and seeks review and rejection of those judgments.  The District Court was correct that federal review of Gordon's claims is barred by the Rooker-Feldman doctrine.

The District Court also correctly determined that it lacked diversity jurisdiction over Gordon's claims.  Under 28 U.S.C. § 1332, a district court has jurisdiction over a civil action where the matter in controversy exceeds $75,000 and is between citizens of different states.  While Gordon stated that one defendant's state of citizenship was Georgia, the addresses he listed for both defendants were in Pennsylvania.  As for the amount in controversy, Gordon seeks one-tenth of his father's assets.  Gordon alleges in his brief that the estate was worth $300,000.  Thus, Gordon also cannot meet the amount in controversy requirement.

The District Court did not err in determining that it lacked jurisdiction over Gordon's complaint.  For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's order.